United States District Court
Southern District of Texas
**ENTERED**
September 26, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DAVID MALCOLM STRICKLAND, | § § | |
| Petitioner, | § | |
| V. | § | CIVIL ACTION NO. 2:24-CV-00050 |
| | § | |
| BOBBY LUMPKIN, | § § | |
| Respondent. | § § § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Before the Court is Magistrate Judge Julie K. Hampton's Memorandum and Recommendation ("M&R"). (D.E. 28). The M&R recommends the Court grant Respondent's motion for summary judgment, (D.E. 24), deny Petitioner's petition for habeas corpus, (D.E. 1), and deny a certificate of appealability. (D.E. 28, p. 37). Both parties filed written objections to the M&R. (D.E. 31); (D.E. 33).

When a party objects to the findings and recommendations of a magistrate judge, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). A party must point out with particularity any alleged errors in the magistrate judge's analysis. *Pelko v. Perales*, No. 23-CV-00339, 2024 WL 1972896, at *1 (S.D. Tex. May 3, 2024) (Ramos, J.). Objections that merely re-urge arguments contained in the original briefing are not proper and will not be considered. *Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993).

Moreover, because a party is "not entitled to raise arguments for the first time in their objections to the Magistrate Judge's Report and Recommendation that were not asserted in their [briefing] . . . new arguments are not properly before the Court for consideration." *McPeak-Torres*

v. *Texas*, No. G-12-075, 2015 WL 12748276, at *1 (S.D. Tex. Jan. 22, 2015) (Costa, J.) (collecting cases). As to any portion for which no timely objection has been filed, the district court need only determine whether the Magistrate Judge's M&R is clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam); *Powell v. Litton Loan Servicing, L.P.*, No. 4:14-CV-02700, 2015 WL 3823141, at *1 (S.D. Tex. June 18, 2015) (Harmon, J.) (citation omitted).

As the M&R detailed the factual and procedural history underlying this petition at length, the Court will not repeat either here. (D.E. 28, p. 2–20). Respondent advances one objection to the M&R, noting that his objection is not against the M&R's overall conclusion, but rather is offered purely "to perfect the record for any appeal." (D.E. 31, p. 2). Respondent objects to the M&R's observation that "post-trial DNA testing would reveal that the hair was a DNA match to Spellman," (D.E. 28, p. 28), arguing the mitochondrial DNA (mtDNA) test can only exclude or fail to exclude certain individuals. (D.E. 31, p. 2–4). In other words, representing that the mtDNA test matched (in a one-of-one sense) the pubic hair's DNA to Spellman's DNA overstates the test's conclusion. *Id.* After review, the Court **SUSTAINS** Respondent's objection. (D.E. 31).

The prevailing view of mtDNA test results supports Respondent's objection. *See, e.g.*, Clifford S. Fishman & Anne Toomey McKenna, *Jones on Evidence* § 60.36 (7th ed. Dec. 2024) ("Nuclear DNA . . . often permits precise, positive, and, frequently, virtually conclusive evidence that crime-relevant DNA 'matches' the DNA of a particular person . . . . [whereas mtDNA] results are expressed in terms of *exclusion* or *non-exclusion*."). Accordingly, to the extent the M&R states that the pubic hair's DNA was a one-to-one match with Spellman's DNA, the Court **SUSTAINS** Respondent's objection. (D.E. 31).

Petitioner "objects to each of [the M&R's] recommendations." (D.E. 33, p. 1). Petitioner

fails, however, to precisely and clearly explain what arguments his objections entail. Standing alone, this generic and vague objection to the M&R's overall conclusions does not amount to a proper objection. *Pelko*, 2024 WL 1972896, at *1 ("An objection must point out with particularity the alleged error in the Magistrate Judge's analysis."). Indeed, much of Petitioner's objections merely re-urge arguments presented to Judge Hampton and therefore are not properly before the Court for consideration. *Edmond*, 8 F.3d at 293 n.7.[1] Nonetheless, the Court can distill three concrete objections from various points in his filing and addresses each in turn.

First, Petitioner objects that the M&R wrongly "applied a double deferential standard the [S]upreme [C]ourt rejected." (D.E. 33, p. 1). In context, Petitioner seems to suggest that the M&R applied the wrong standard of deference under the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254(d), to both his *Brady* violation claim and his Confrontation Clause claim. *See* (D.E. 33, p. 24) (arguing that "a *Brady* due process violation warranting relief" occurred but that the M&R "misapplied the deferential standard"); *id.* at 18 (arguing the M&R "applied the old double deferential standard" in adjudicating Petitioner's "right to confront the evidence against" him). Accordingly, the Court construes this objection as applying to both Petitioner's *Brady* and Confrontation Clause claims. After review, the Court **OVERRULES** Petitioner's objection.

The M&R aptly explains the standard of deference that AEDPA mandates federal courts give to state court determinations in habeas proceedings:

> A § 2254 petition raising claims that were adjudicated on the merits in state court may not be granted unless the adjudication of the claim: (a) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

---

[1] In his Petition, Petitioner advanced four arguments: (1) a *Brady* violation; (2) a Confrontation Clause violation; (3) failure to correct false testimony; and (4) actual innocence. *See* (D.E. 1). Petitioner devotes most of his objections to re-hashing these four claims. *Compare id.* (advancing these arguments) *with* (D.E. 33) (arguing same). The M&R, however, has already dealt with each of these arguments at length, (D.E. 28, p. 21–36), and the Court finds no error in the M&R's analysis.

> established federal law, as determined by the Supreme Court; or (b) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state court. 28 U.S.C. § 2254(d). Further, factual determinations by the state court are presumed to be correct, and the petitioner must rebut this presumption by clear and convincing evidence. *Id.* [at] § 2254(e)(1).

(D.E. 28, p. 21). Petitioner grounds his objection in *Andrew v. White*, 604 U.S. 86 (2025). *Andrew* held that "[a] legal principle is clearly established for purposes of AEDPA if it is a holding of this Court." *Id.* at 95 (citing *White v. Woodall*, 572 U.S. 415, 419 (2014)). *Andrew* further explained that the Supreme Court "has no occasion to defer to other federal courts' erroneous interpretation of [Supreme Court] precedent. Nor is such double deference necessary . . . ." *Id.*

Although Petitioner is correct in his understanding that *Andrew* rejected a "double deferential standard," (D.E. 33, p. 1), Petitioner is incorrect in asserting that the M&R used double deference here. *Andrew* maintained that "federal habeas courts must extend [deference] to a state court's 'application of' [Supreme Court] precedent," but that federal habeas courts should not defer to other federal courts' "'debatable' interpretations or extensions of [Supreme Court] holdings." *Andrew*, 604 U.S. at 95. Thus, under a proper understanding of *Andrew*, Petitioner's objection would require that the M&R deferred to a dubious federal court interpretation of Supreme Court precedent.

Here, the M&R only deferred to the Texas Court of Criminal Appeals' application of Supreme Court precedent to both Petitioner's *Brady* claim and Confrontation Clause claim. *See* (D.E. 28, p. 23–32). The M&R neither advanced its own debatable interpretation of Supreme Court precedent, nor cited to any federal court interpretations of the same. *See id.* There is also no evidence that the Texas Court of Criminal Appeals itself relied on lower federal courts' debatable interpretations of Supreme Court precedent. Rather, as the M&R correctly stated, the Texas Court of Criminal Appeals denied Petitioner's request for relief based on "the findings of the [state] trial

court and on the [Texas Court of Criminal Appeals'] independent review of the record." *Id.* at 20 (citing (D.E. 27-1, p. 3)). Therefore, neither the M&R nor the Texas Court of Criminal Appeals exercised impermissible double deference. Accordingly, the Court **DENIES** Petitioner's first objection.

Second, Petitioner objects that the M&R cited "overly narrow fact differences" when applying AEDPA deference. (D.E. 33, p. 24).[2] Petitioner seems to link this objection to his Brady claim. *Id.* at 25 ("Specifically, the discovery of blonde pubic hair at the crime scene constitutes favorable, material, and potentially exonerating evidence."). Petitioner fails, however, to explain what "overly narrow fact differences" the M&R used. Indeed, the Court cannot find any.

Rather, the M&R explained the elements of a *Brady* violation, (D.E. 28, p. 26), the reasons why the Texas Court of Criminal Appeals denied Petitioner's *Brady* claim, *id.* at 27–28, and that "it would [not] be unreasonable to conclude that the state did not suppress evidence because it turned over everything needed to both know the importance of the pubic hair, the type of testing that had been done, and the potential benefit . . . of seeking further testing," *id.* at 29–30. In other

---

[2] In Petitioner's objection, the following passage caught the Court's attention:

> *Andrew v. White* clarified that "lower-court decisions cannot circumvent well-established constitutional protections by citing overly narrow fact differences. A legal principle is clearly established for purposes of AEDPA if it is a holding of this Court." *White*, 572 U.S. [] at 419.

(D.E. 33, p. 24). Two errors present themselves. First, this passage is unclear as to whether Petitioner intends to cite to *Andrew v. White*, 145 S. Ct. 75, or *White v. Woodall*, 572 U.S. 415, as there is a discrepancy between the textual sentence and accompanying citation. More notable, however, is that the proposition "lower-court decisions cannot circumvent well-established constitutional protections by citing overly narrow fact differences" appears in neither *Andrew* nor *Woodall*. The Court recognizes this error could simply be an editing oversight, but it is nonetheless highly concerning, particularly when Petitioner is represented by counsel. (D.E. 33, p. 25–26). Although these mistakes would be understandable where a party is proceeding pro se, misattributing entire quotations—particularly those that form the basis of an argument—is an error below the standard expected of licensed attorneys. *See The Texas Lawyers Creed— A Mandate for Professionalism* art. IV § 6 (1989) ("I will not knowingly misrepresent, mischaracterize, *misquote or miscite* facts or authorities to gain an advantage." (emphasis added)).

words, the M&R did not draw any distinctions—much less overly narrow distinctions—between the facts of Supreme Court precedents and Petitioner's case. The M&R simply applied the principles of *Brady* and came to the correct conclusion that Petitioner has not stated a viable claim. Accordingly, the Court **OVERRULES** Petitioner's second objection.

Third, Petitioner objects that "[w]here there is bad faith destruction of favorable evidence, a violation of due process occurs." (D.E. 33, p. 20) (citing *Arizona v. Youngblood*, 488 U.S. 51 (1988)). In context, the Court understands Petitioner to refer to the state's failure to preserve photos of the ballistic testing process. *Id.* at 19–20. Petitioner did not raise a *Youngblood* claim in his habeas petition or make any such argument in his response to Respondent's motion for summary judgment. *See* (D.E. 1); (D.E. 27). Regarding the ballistics, Petitioner only raised a Confrontation Clause claim. (D.E. 1, p. 7); (D.E. 27, p. 11). Thus, this objection is a new argument that was not presented to the Magistrate Judge in the first instance and, as such, it is not properly before the Court for consideration. *McPeak-Torres*, 2015 WL 12748276, at *1. Accordingly, the Court **OVERRULES** Petitioner's third objection.

Having reviewed the proposed findings and conclusions of the M&R, the record, the applicable law, and having made a de novo review of the portions of the M&R to which the parties' objections are directed, 28 U.S.C. § 636(b)(1)(C), the Court **SUSTAINS** Respondent's objection, (D.E. 31), **OVERRULES** Petitioner's objections, (D.E. 33), and **ADOPTS** the findings and conclusions of the M&R, (D.E. 28). Accordingly, the Court **GRANTS** Respondent's motion for summary judgment, (D.E. 24), **DENIES** Petitioner's petition for habeas corpus, (D.E. 1), and **DENIES** a certificate of appealability.

SO ORDERED.

_____
DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
September 26th, 2025